**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30047 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-05207-RBL-1 |
| v. | |
| CINDI ALLISON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted March 6, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and PREGERSON,[**] District Judge.

Defendant Cindi Allison appeals her conviction for wire fraud in violation of

18 U.S.C. § 1343. The conviction arose from Allison's work as a bookkeeper for

two real estate franchises, and her embezzlement of funds from them in connection

with her bookkeeping work. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

affirm.

1.    We review de novo a district court's decision to deny a request for a jury instruction on a duress defense. *United States v. Ibarra-Pino*, 657 F.3d 1000, 1003 (9th Cir. 2011) (citing *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008)). A criminal act may be excused by duress where there is "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir. 1996). The last element may be met by demonstrating that the defendant cooperated with authorities at the first available opportunity. *Ibarra-Pino*, 657 F.3d at 1005–06. To gain an instruction to the jury on the duress defense, a defendant must make a prima facie showing on those elements, either in a pretrial offer of proof or at trial. *Id.* at 1004. Here, Allison did not establish a prima facie case that she lacked a reasonable opportunity to escape or that she cooperated at the first available opportunity. We conclude that the district court did not err in denying her request for a jury instruction on the duress defense.

2.    We review the district court's denial of a missing-witness instruction for abuse of discretion. *United States v. Leal-Del Carmen*, 697 F.3d 964, 975 (9th Cir. 2012). A missing-witness instruction is appropriate where (a) the witness is "peculiarly within the power" of the opposing party, and (b) it is reasonable to

infer that the witness's testimony would have been unfavorable to the party that controls the witness. *Id.* at 974. Here, Allison was not entitled to the instruction because there was no showing that Moore was peculiarly in the power of the government. *See United States v. Noah*, 475 F.2d 688, 691 (9th Cir. 1973). We conclude that the district court did not err in denying her request for a missing witness instruction.

3.      We review the district court's ruling on prosecutorial misconduct for abuse of discretion. *United States v. Reyes*, 660 F.3d 454, 461 (9th Cir. 2011). To prevail, Allison must show that, in the context of the entire trial, "it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." *Reyes*, 660 F.3d at 461 (quoting *United States v. McKoy*, 771 F.2d 1207, 1212 (9th Cir. 1985)).

"Any comment on the absence of defense evidence, beyond pointing out that the Government's proof is uncontradicted, risks speculation by a juror that the defendant must be guilty or else he would have testified." *United States v. Castillo*, 866 F.2d 1071, 1084 (9th Cir. 1988). A prosecutor's comments on credibility can be especially prejudicial where credibility is particularly important in the case. *See United States v. Sanchez*, 659 F.3d 1252, 1260–61 (9th Cir. 2011). Likewise, a prosecutor commits misconduct by appealing to the jury's emotions rather than limiting the prosecutor's argument to the facts. *United States v.*

3

*Weatherspoon*, 410 F.3d 1142, 1149–50 (9th Cir. 2005). Nevertheless, a prosecutor may comment on the strength of a defendant's case without shifting the burden. *See United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011); *United States v. Cabrera*, 201 F.3d 1243, 1249–50 (9th Cir. 2000).

Read in context here, the prosecutor's comments concerned the strength of Allison's defense and not her failure to testify. And Allison cannot show that "it is more probable than not" that the prosecutor's comments on Moore's culpability materially affected the fairness of the trial. *See Reyes*, 660 F.3d at 461.

4. "The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 290 n.3 (1973)). But the cumulative error analysis does not apply where, as here, a defendant "fail[s] to demonstrate any erroneous decisions." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004).

**AFFIRMED**.

4